YOUNG
*vs.*
HARRIS.

---

ORD. PET.

Case 30.

## Young *vs.* Harris.

### APPEAL FROM KENTON CIRCUIT COURT.

1. The general principle determining the law by which a contract is to be construed is, that unless the place appointed for its payment be different from that in which it is made, it is to be governed by the law of the place where it is made, which is the *lex loci contractus.*

2. The place a note is indorsed or assigned is the place where the law regards the contract or assignment to have been made; but the mere indorsing the name at one place does not amount to a transfer or contract of transfer. If the physical act of writing the name be at one place, and the delivery at another, the latter is the place of the contract.

3. If one indorse a note in Kentucky as an accommodation note, which is subsequently delivered to one in Ohio, the law of Ohio governs the contract and responsibility of the indorser.

John Young having prosecuted J. A. Keene to insolvency, on a note executed by him, and of which Young was assignee or *indorsee,* brought this action to recover the amount with interest, &c., against H. C. Harris, his immediate indorser. The note is dated at Cincinnati, and payable nine months after date at the LaFayette Bank of Cincinnati, to J. M. Tipton.

It was written by Young and signed by Keene, in Cincinnati, in the absence of Tipton the payee, and it remained in the hands of Keene that he might procure good indorsers in Covington, Kentucky, and then to be delivered to Young in lieu of a note previously held by him on Keene, his debtor. The note in the hands of Keene was indorsed in blank by Tipton and Harris at Covington, in Kentucky, and was shortly afterwards delivered in Cincinnati to Young, who may be supposed to have resided in that city.

YOUNG
vs.
HARRIS.

By the law of Ohio, in which state the note is dated and made payable, it is admitted that such a note is placed on the footing of a bill of exchange, and timely presentation at the place of payment, and due notice of non-payment, are conditions on which the liability of the indorser, *prima facie*, depends. Young, the holder of the note, considering the liability of the indorser and the mode of fixing it as dependent upon the law of Kentucky, in which state Harris indorsed his name on the note, prosecuted the maker to insolvency by suit, and with such diligence as according to the law of Kentucky would authorize a recovery against the assignor, and did not pursue the course required by the law of Ohio. Harris maintains that the law of Ohio furnishes the proper test of diligence, and that, as according to that test, proper diligence has not been used, he is not liable, and the plaintiff cannot recover. The circuit court being of this opinion gave judgment against the plaintiff, who seeks a reversal in this court.

MENZIES and SPILLMAN, for appellant—
No brief on file.

J. W. STEVENSON and H. C. HARRIS, for appellee—
By the laws of Ohio protest and notice in case of non-payment of a note is necessary to charge an indorser. Though the name of the appellee may have been written upon the note in Kentucky, yet it was

YOUNG
vs.
HARRIS.

passed in Ohio, and the laws of Ohio govern the contract.

The case cited by the learned counsel in his brief, that the indorsement is governed by the law of the place where made, is undoubtedly true when the indorsement is a new contract; but such is not the case here, there was no new contract between Harris on his indorsement—he indorsed as the accommodation indorser of Keene, who negotiated it in Cincinnati, and he alone passed it off. Had Harris himself negotiated this note of Keene's by indorsing it for value in Kentucky, it might then have been a doubtful question whether the Ohio or Kentucky law would govern —this question has not been settled so far as we know, but the question involved in this case is freely discussed and settled in *Goddin v. Shipley*, 7 *B. Monroe*, 575, 76, 77. The circuit judge decided correctly in sustaining Harris' defense, and the judgment should be affirmed.

September 22.

Chief Justice MARSHALL delivered the opinion of the court.

1. The general principle determining the law by which a contract is to be construed is, that unless the place appointed for its payment be different from that in which it is made, it is to be governed by the law of the place where it is made, which is the *lex loci contractus*.

The general principle determining the law by which a contract is to be construed and governed is, that unless the place appointed for its performance be different from that at which it is made, it is to be governed by the law of the place where it is made, which, in reference to this question, is called *lex loci contractus*. An indorsement is generally the evidence and consummation of a contract, by which the indorser passes to another person his right to the instrument and debt transferred, and incurs the liabilities incident to such a transfer. Hence the place where the indorsement is made, that is, the place where the party writes his name upon the back of the instrument, being generally the place of the contract of transfer, is, in the absence of proof to the contrary, presumed or assumed to be always the place of contract. And in applying the rule or principle above stated to the case of indorsements or assignments, it is generally, and

unless particularity or specification be called for or intended, it is perhaps always said that the indorsement or assignment is to be governed or have its effect according to the law of the place where it was made. But we understood the rule thus expressed as being still an assertion of the principle that the *lex loci contractus* shall govern, and as therefore referring by the term indorsement or assignment, not merely to the manual act of putting a name on a paper, but to the contract of transfer, which, though usually, is not always consummated by that act or simultaneous with it.

But suppose the payee of a note residing in Covington indorses it in blank at that place as soon as it is executed, but puts it in his pocket, and six months afterwards, or at any other time, he goes over to Cincinnati and sells and delivers it to another person, who pays him the money for the transfer. The mere physical act of indorsement has been performed in Covington, but surely there is no contract, no transfer, nothing which can attach the law of Kentucky or any other law to the indorsement so long as it remains in the pocket of him who made it, and while no other person has any interest in or right under it; and in fact the word "indorsement," when used in reference to negotiable instruments, (and *a fortiori*, when used in expressing a rule relating to contracts,) implies not only the physical act of writing a name, but also the transfer usually affected by that act.

2. The place a note is indorsed or assigned is the place where the law regards the contract of assignment to have been made; but the mere indorsing the name at one place does not amount to a transfer or contract of transfer. If the physical act of writing the name be at one place, and the delivery at another, the latter is the place of the contract.

Harris in fact never had any beneficial interest in the note. He indorsed it merely for the accommodation of the maker, who brought it to him, and in whose hands it remained until delivered to Young as was doubtless originally intended, and as Harris probably knew was to be done. But whether he knew it or not, so long as the note remained in the hands of the maker, there was no contract arising from the indorsement, and no responsibility. And there was neither contract nor responsibility on the part of Harris, until some other person acquired a

3. If one indorse a note in Kentucky as an accommodation note, which is subsequently delivered to one in Ohio, the law of Ohio governs the contract and responsibility of the indorser.

right in the note and its indorsements. It was only by the delivery to Young that such right was acquired; and it is only by that act that the indorsement of Harris, as a contract or source of responsibility, was consummated. If he knew that the note was to be delivered to Young in Cincinnati, in payment or renewal of a pre-existing debt, he knew that his own contract of indorsement would be thus consummated in Ohio. If he did not know this, but left it with Keene to do what he pleased with the note and indorsement; it was in fact delivered in Ohio, and he must abide by that delivery, which consummated his own contract and obligation, and placed them, as we think, under the law of Ohio. This conclusion, and the judgment of the circuit court, are fully sustained by the case of *Goddin v. Shipley*, 7 B. *Monroe*, 575.

Wherefore, the judgment is affirmed.